# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

| | |
|---|---|
| MICHAEL FOREHAND and LYNNMARIE VALDIVIEZ BURKE, | § § § |
| Plaintiff, | § CASE NO. |
| | § |
| V. | § |
| | § |
| TAXIR TRANS, INC., and SAMIEV FARIDDUN | § § § |
| | § |
| Defendants. | |

# COMPLAINT

COME NOW Plaintiffs, Michael Forehand and Lynnmarie Valdiviez Burke, and file their complaint, and show unto the Court as follows:

## **PARTIES**

1. Michael Forehand and Lynnmarie Valdiviez Burke are residents of, and domiciled, in the State of Missouri.

2. Defendant, Taxir Trans Inc., (hereinafter referred to as "Taxir Trans"), is a corporation organized in, and with its principal place of business in, and domiciled in, the State of Pennsylvania and transacting business in the State of Tennessee on the date at issue.

3. Taxir Trans can be served, according to the Federal Motor Carrier Safety Administration, with a copy of the complaint and summons through its registered agent, Sharon Lee's Fuel Tax Services, LLC, 1726 Carroll Rd, Morristown, Tn, 37813

4. Taxir Trans is registered with U.S. Department of Transportation under DOT number 3221706 and MC number 1008395.

5. Defendant Fariddun Samiev is a resident of, and domiciled in, the State of New York and can be served with a Summons and Complaint at 8650 Bay Parkway, Apartment D5, Brooklyn, New York 11214.

**JURISDICTION AND VENUE**

6. All preceding statements of Michael Forehand and Lynnmarie Valdiviez Burke's complaint are incorporated herein and realleged as if expressly set forth herein.

7. Jurisdiction is proper to this Court pursuant to 28 U.S.C. §1332 as complete diversity between the parties exist and an amount in controversy over $75,000.00.

8. Venue is proper to this Court pursuant to 28 U.S.C. §1391(a) because the wreck giving rise to the action occurred in Robertson County, Tennessee.

**STATEMENT OF FACTS**

9. All preceding statements of Michael Forehand and Lynnmarie Valdiviez Burke's complaint are incorporated herein and re-alleged as if expressly set forth herein.

10. Michael Forehand and Lynnmarie Valdiviez Burke are members of the public.

11. Defendant Taxir Trans is a for-hire, interstate, motor carrier.

12. Defendant Taxir Trans, though its employees and or agents, was operating a tractor-trailer while transporting property in interstate commerce at the time of the wreck.

13. The provisions of 49 CFR §§ 301-399, commonly referred to as the "Federal Motor Carrier Safety Regulations" or "FMCSR" are applicable to this case and both Defendant Taxir

Trans and Defendant Samiev were subject to and were required to obey these regulations at the time of the wreck and at all relevant times prior to the wreck.

14. Defendant Taxir Trans is the owner of the tractor operated by Defendant Samiev,

15. Defendant Taxir Trans is the owner of the trailer operated by Defendant Samiev,

16. Defendant Samiev was an employee and/or agent of Defendant Taxir Trans at the time of the wreck.

17. Defendant Taxir Trans had, at all relevant times, a duty to maintain the tractor-trailer to ensure the safety of citizens on the roads, interstates, and highways.

18. Defendant Samiev had a duty, at all relevant times, to inspect the tractor-trailer before driving it to ensure the safety of citizens on the roads, interstates, and highways.

19. At the time of the wreck Defendant Samiev was a professional truck driver employed by Defendant Taxir Trans.

20. Defendant Samiev was acting within the course and scope of the business of Defendant Taxir Trans at the time of the wreck.

21. On or about October 1, 2021, Defendant Samiev was driving the Taxir Trans tractor-trailer westbound on Interstate 24.

22. The Taxir Trans tractor-trailer was driving was carrying property.

23. The Taxir Trans was traveling in the right-hand lane on I-24 behind the Plaintiffs immediately before the wreck.

24. At the time of the wreck Plaintiffs were traveling in a tractor-trailer in the left-hand lane of I-24.

25. At all times the Plaintiffs' had their lights on.

26. At all times the Plaintiffs' vehicle was visible to the Taxir Trans driver.

27. The Taxir Trans tractor trailer driver chose to pass Plaintiffs in the right-hand lane of travel.

28. The Taxir Trans driver, while travelling next to the Plaintiffs, chose to merge into the left-hand lane already fully occupied by the Plaintiffs.

29. The Taxir Trans driver drove into and impacted the Plaintiffs' tractor-trailer.

30. The impact caused by the Taxir Trans tractor trailer driver caused Plaintiffs to run off the road.

31. The Taxir Trans driver, Defendant Samiev, was charged with a failure to exercise Due Care to avoid the collision.

| Driver Violations | | | |
|---|---|---|---|
| 1st Violation<br>210982463 | 1st Violation Category<br>Other Moving | 1st Violation Description<br>DUE CARE | 1st Violation Statute<br>55-8-136 |
| 2nd Violation | 2nd Violation Category | 2nd Violation Description | 2nd Violation Statute |

32. Defendants Taxir Trans and Samiev will be shown at trial to have violated the Rules of the Road and the state and Federal Motor Carrier Safety Regulations, which constitutes negligence per se.

33. Inside the tractor was Michael Forehand and Lynnmarie Valdiviez Burke.

34. Michael Forehand and Lynnmarie Valdiviez Burke were at all times members of the public.

35. Defendant Taxir Trans' driver was careless, negligent, dangerous, and reckless when he failed to look out for other vehicles and hit another vehicle on the roadway.

36. Michael Forehand and Lynnmarie Valdiviez Burke were injured as a result of the wreck.

37. No act of Michael Forehand or Lynnmarie Valdiviez Burke contributed to cause the wreck.

38. No failure to act by Michael Forehand or Lynnmarie Valdiviez Burke contributed to cause the wreck.

39. As a result of the Defendants negligence, individually or combined and concurring with the negligence of the other Defendants, Michael Forehand and Lynnmarie Valdiviez Burke suffered damages legally and proximality caused by the Defendants.

## COUNT I – NEGLIGENCE OF TAXIR TRANS: NEGLIGENT HIRING, TRAINING, ENTRUSTMENT, SUPERVISION, RETENTION, AND MAINTENANCE

40. All preceding statements and allegations of the complaint are incorporated and realleged as if expressly set forth herein.

41. Regardless of the employment relationship, Defendant Taxir Trans is the registered owner of U.S. DOT number 3221706 and MC number 1008395, displayed on the tractor involved in this wreck and is therefore responsible for the acts of the driver of that vehicle.

42. At all times relevant to this cause of action, Defendants Taxir Trans and Samiev were subject to and required to obey the minimum safety standards established by the Federal Motor Carrier Safety Regulations (FMCSR) (49 CFR §§ 301-399), either directly or as adopted by the Tennessee Department of Transportation Safety Rules & Regulations 1340-6-1-.20 and pursuant to T.C.A. §§ 65-2-102 and 65-15-113.

43. The Defendants will be shown at trial to have violated the Federal Motor Carrier Safety Regulations which constitutes negligence *per se*, including but not limited to:

    a. §383    Commercial Driver's License Standards

    b. §390    General

    c. §391    Qualifications of Drivers

  d. §392  Driving of Commercial Motor Vehicles

  e. §393  Parts and Accessories Necessary for Safe Operation

  f. §395  Hours of Service

  g. §396  Inspections, Repairs, and Maintenances

44. Defendant Taxir Trans was required to teach and train Defendant Samiev so that he was able to understand and obey the rules and regulations contained in the FMCSR.

45. Defendant Taxir Trans was required to teach and train Defendant Samiev so that he was able to understand and obey the minimum industry standards for safe professional tractor-trailer drivers.

46. Defendant Taxir Trans was negligent, and grossly negligent, in:

  a. failing to properly maintain the tractor-trailer;

  b. hiring and/or contracting with Defendant Samiev to drive the tractor-trailer at issue;

  c. training of Defendant Samiev on the FMCSR and Commercial Driver's Manual;

  d. failing to supervise Defendant Samiev while driving the tractor-trailer;

  e. failing to train Defendant Samiev to properly drive the tractor-trailer;

  f. failing to train Defendant Samiev to properly inspect the tractor-trailer;

  g. failing to train Defendant Samiev to properly adjust the tractor-trailer mirrors;

  h. entrusting Defendant Samiev with the tractor-trailer;

  i. retaining Defendant Samiev to drive the tractor-trailer;

  j. failing to conduct proper and required checks on the background of their employee, agent and/or contractor, Defendant Samiev; and

  k. failure to exercise ordinary care to determine their employees' agents' and/or contractors' fitness for the task of driving a commercial vehicle interstate.

47. Defendant Taxir Trans had a duty to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe and negligently failed to do so.

48. Defendant Taxir Trans, through its agents and employees, knew, had reason to know, or should have known by exercising reasonable care, about the risks set forth in this complaint and that by simply exercising reasonable care these risks would be reduced or eliminated. These risks include, but are not limited to:

   a. The risks associated with improperly maintained and inspected tractor trailers,
   b. The risks associated with unsafe drivers,
   c. The risks associated with failing to train drivers to obey the FMCSR,
   d. The risks associated with failing to train drivers to follow minimum driving standards for commercial drivers,
   e. The risks associated with failing to train drivers to follow minimum inspection standards for commercial drivers,
   f. The risks associated with failing to train drivers to follow minimum maintenance standards for commercial drivers,
   g. The risks associated with failing to train drivers to properly adjust their mirrors,
   h. The risks associated with failing to have adequate risk management policies and procedures in place,
   i. Failing to ensure its routes could be driven within hours-of-service,
   j. Requiring drivers to meet unrealistic driving goals which Taxir Trans knew, had reason to know, or should have known would cause its drivers to violate the hours-of-service regulations.

k. Failing to have policies and procedures in place to identify undertrained and unqualified drivers.

l. Failure to appropriately implement and enforce risk management policies and procedures to monitor and assess Defendant Samiev once he was hired.

m. Failure to appropriately implement and enforce minimally adequate maintenance of its trucks and trailers.

n. Failing to implement and follow a written safety plan.

o. Failing to protect the members of the public, such as the Michael Forehand and Lynnmarie Valdiviez Burke, from the risks described above,

p. Failing to use the composite knowledge reasonably available to Taxir Trans to analyze the data available to it to identify the risk, take steps to reduce or eliminate the risk, and to protect members of the public from that risk.

q. Failing to appropriately implement and enforce risk management policies and procedures to identify the risks described above,

49. The negligence and gross negligence of Defendant Taxir Trans was a proximate cause of the injuries sustained by Michael Forehand and Lynnmarie Valdiviez Burke.

50. As a result of Defendants Taxir Trans's negligence, and gross negligence, Michael Forehand and Lynnmarie Valdiviez Burke suffered injuries affecting their activities of normal daily living.

51. As a result of Defendant Taxir Trans's negligence, and gross negligence, individually or combined and concurring with the negligence and gross negligence of the other defendants, Michael Forehand and Lynnmarie Valdiviez Burke suffered injuries affecting their activities of everyday living and other damages.

52. Michael Forehand and Lynnmarie Valdiviez Burke are entitled to recover restitution for their past, present, and future economic and non-economic losses to the extent allowed by law.

## COUNT II
## NEGLIGENCE OF DEFENDANT SAMIEV

53. All preceding statements and allegations of Michael Forehand and Lynnmarie Valdiviez Burke's complaint are incorporated herein and realleged as if expressly set forth herein.

54. The tractor-trailer driven by Defendant Samiev was driven with the permission and at the direction of Defendant Taxir Trans.

55. Upon information and belief, the tractor-trailer driven by Defendant Samiev was driven in the course and scope of his employment with the business of Defendant Taxir Trans.

56. At the time and place of this wreck, Defendant Samiev failed to use due care, and was generally negligent under the circumstances then and there existing, by:

    a. failing to properly adjust his mirrors

    b. driving the tractor-trailer carelessly and erratically,

    c. failing to maintain a proper lookout for other vehicles on the road,

    d. improper lane change,

    e. disregarding the actual and potential hazards then existing,

    f. improper driving techniques.

    g. failed to keep his vehicle under control;

    h. failed to keep a proper lookout;

    i. failed to operate his vehicle in a safe and prudent manner in view of the conditions which existed at the time of the wreck;

    j. failed confirm the lane was clear before making the move to change lanes;

  k. operated his vehicle at an excessive speed;

  l. failed to yield the right of way;

  m. failed to inspect his vehicle in a manner considerate of the safety and lives of the others persons lawfully on the road;

  n. failed to operate his vehicle in a manner considerate of the safety and lives of the other persons lawfully on the road;

  o. drove in a reckless manner; and

  p. such other actions or inactions that may be shown at a hearing of this cause.

57. At the time and place of this wreck, the Defendant Samiev was negligent *per se* in that he was violating one or more of the statutes of the State of Tennessee (the Rules of the Road); to include but not be limited to:

  a. T.C.A. § 55-8-103 Failing to obey applicable traffic laws

  b. T.C.A. § 55-8-109. Obedience to Any Required Traffic-Control Device

  c. T.C.A. § 55-8-123. Driving on Roadways Laned for Traffic

  d. T.C.A. § 55-8-197 Failure to yield right of way

  e. T.C.A. § 55-8-136 Due Care

  f. T.C.A. § 55-10-205 Reckless Driving

58. Defendant Samiev will be shown at trial to have violated one or more of the Federal Motor Carrier Safety Regulations which constitutes negligence *per se*, including but not limited to:

  a. §383  Commercial Driver's License Standards

  b. §390  General

  c. §391  Qualifications of Drivers

  d. §392  Driving of Commercial Motor Vehicles

  e. §393  Parts and Accessories Necessary for Safe Operation

  f. §395  Hours of Service

  g. §396  Inspections, Repairs, and Maintenances

59. The negligence and gross negligence of Defendant Samiev was a proximate cause of the injuries sustained by Michael Forehand and Lynnmarie Valdiviez Burke.

60. As a result of Defendant Samiev's negligence, and gross negligence, individually or combined and concurring with the negligence and gross negligence of the other defendants, Michael Forehand and Lynnmarie Valdiviez Burke suffered injuries.

61. Michael Forehand and Lynnmarie Valdiviez Burke are entitled to recover restitution for their past, present, and future economic and non-economic losses to the extent allowed by law.

## COUNT III – DAMAGES

62. All preceding statements and allegations of Michael Forehand and Lynnmarie Valdiviez Burke's complaint are incorporated herein and realleged as if expressly set forth herein.

63. As set forth more fully in the facts hereinabove, each of the Defendants acted in a willful, wanton and reckless manner which either alone, or combined and concurring with the actions of the other Defendants' acts of negligence, directly and proximately caused the wreck and injuries and damages to Michael Forehand and Lynnmarie Valdiviez Burke.

64. Defendants knowingly, intentionally recklessly, and/or willfully disregarded the Federal Motor Carrier Safety Regulations, Tennessee Statutes, and/or minimum industry standards.

65. Defendants' conduct constituted a conscious disregard for the life and safety of Michael Forehand and Lynnmarie Valdiviez Burke and for the lives and safety of the other motoring public generally, and these defendants are therefore liable for exemplary damages.

**WHEREFORE,** Michael Forehand and Lynnmarie Valdiviez Burke pray that the following relief be granted:

a. A trial by jury;

b. For Summons and Complaint to issue against the Defendants;

c. For full restitution to the extent allowed by law, in an amount the jury believes to be just, fair and equitable in excess of the minimal jurisdiction levels of this Court, after hearing the facts and issues in this case;

d. Interest, court costs and discretionary costs as appropriate; and

e. For all such further and general relief which this Court deems just and proper.

Respectfully submitted,

**TRUCK WRECK JUSTICE, PLLC**

BY: /s/ Morgan G. Adams
**MORGAN G. ADAMS,** BPR# **013693**
adams@truckwreckjustice.com
ATTORNEYS FOR PLAINTIFF
1419 Market Street
Chattanooga, Tennessee 37402
Telephone: (423) 265-2020
Facsimile: (423) 265-2025